UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Tony Al-Beshrawi,** | ) | **CASE NO. 5:06 CV 2114** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Gail Arney, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

### INTRODUCTION

This *pro se* action is before the Court upon five separately filed motions to remand (Docs. 4, 11, 12, 14, 16). This appears to be a case involving the improper dissemination of private information through state and federal employees. For the reasons that follow, the motions are DENIED.

### FACTS

Plaintiff, Dr. Tony Al-Beshrawi, filed this lawsuit in state court against defendants, Gail Arney, Gary Hoffman, Robert Sullivan, Marie Wyman, Cindy Marshall, Jennifer Pouliot, Duane Kaley, Portage County and unnamed John Does. Defendants removed this action to federal

1

court on the basis of federal question jurisdiction. Although it is difficult to discern the precise nature of the alleged wrongdoing, it appears that plaintiff is complaining that the defendants defamed him and intimidated and retaliated against him because of his race and ethnicity. According to the complaint, these actions violate plaintiff's state and federal constitutional rights. Plaintiff moves to remand this action to state court. Defendants oppose the motion.

### STANDARD OF REVIEW

Under 28 U.S.C. § 1447(c), cases originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which they were removed lacks subject matter jurisdiction. *Coyne v. The American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999) ("[I]n a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory."). Because the determination of federal jurisdiction in a diversity case is made as of the time of removal, *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996), a court's ruling on a motion to remand will rest on whether the case was properly removed to federal court in the first place. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871-72 (6th Cir. 2000) (citing *Ahearn*, 100 F.3d at 453). The party seeking removal bears the burden of showing that proper subject matter jurisdiction exists. *Id*.

### ANALYSIS

Plaintiff moves for remand based on two overarching themes. First, according to plaintiff, this lawsuit does not involve a federal question. As such, plaintiff claims that remand is required. Upon review of the complaint, this Court disagrees.

2

Federal question jurisdiction is governed by 28 U.S.C.§ 1331.[1] That provision provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It is well-settled that the question of whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint" rule. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983)). *See also Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754 (2000). Under this rule, a case "arises under" federal law for purposes of § 1331 "when it is apparent from the face of the plaintiff's complaint either that the plaintiff's cause of action was created by federal law; or if the plaintiff's claim is based on state law, a substantial, disputed question of federal law is a necessary element of the state cause of action." *Michigan Southern Railroad Co. v. Branch & Joseph Counties Rail Users Association*, *Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (citations omitted). *See also Franchise Tax Board*, 463 U.S. at 27-28 (jurisdiction exists under § 1331 in "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."); *Long*, 201 F.3d at 758-759.

Plaintiff filed this action *pro se*. As a result, the complaint does not contain separately numbered causes of action. It appears, however, that plaintiff seeks relief for the public

---

[1] Whether the presence of subject matter jurisdiction is considered under 28 U.S.C. § 1331 or under the removal jurisdiction provision set forth at 28 U.S.C. § 1441(b) is immaterial as the standard is the same for both inquiries. *See Long*, 201 F.3d at 758 (stating that "the scope of removal jurisdiction based on the existence of a federal question under § 1441(b) is considered to be identical to the scope of federal question jurisdiction under § 1331").

3

dissemination of private information contained in records maintained by the U.S. Department of Labor and Portage County. Plaintiff alleges that he was targeted and harassed due to his ethnicity and religion. On several occasions, plaintiff alleges that the actions taken by the defendants violate his "Federal Constitutional rights and equal protection of the law." Plaintiff argues that his complaint arises only under state law and is based on the violation of "criminal" statutes. Plaintiff's motions to remand conspicuously omit any references to the alleged violations of the United States Constitution. Based on a review of the complaint, the Court agrees with defendants that plaintiff's complaint attempts to assert a claim under federal law.

In addition, plaintiff argues that remand is appropriate because defendants failed to properly join in the notice of removal. In essence, plaintiff argues that defendants did not comply with the "rule of unanimity" expressed in 28 U.S.C. § 1446(a). In this case, the notice of removal states, "all defendants who have been served join in this Notice of Removal." Plaintiff argues that this representation is insufficient and that each defendant was required to separately file written notice of joinder or consent. Although it appears that plaintiff is correct in that some jurisdictions do require separately filings or oral representations from each defendant, the Sixth Circuit has expressly held that representations such as the one in the notice of removal filed is this case are sufficient to comply with 28 U.S.C. § 1446(a). *See, Harper v. Autoalliance International, Inc.*, 392 F.3d 195 (6th Cir. 2004). Thus, the fact that each defendant did not provide the Court with a separate writing does not require remand.[2]

---

[2] The Court also rejects plaintiff's remaining arguments, i.e., remand is required because this lawsuit is truly a "countersuit" and defendants failed to properly notify the state court of the removal petition.

**CONCLUSION**

For the foregoing reasons, plaintiff's motions to remand are all DENIED.

IT IS SO ORDERED.

          /s/ Patricia A. Gaughan
          PATRICIA A. GAUGHAN
          United States District Judge

Dated: 10/30/06