# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **TONY AL-BESHRAWI** | ) | Case No. 5:06cv2114 |
| | ) | |
| Plaintiffs, | ) | **JUDGE SARA LIOI** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **GAIL ARNEY, in Her Individual and** | ) | |
| **Personal Capacity, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Tony Al-Beshrawi (plaintiff) brings this action seeking damages against defendants[1] for alleged violations of the Privacy Act, 5 U.S.C. § 552a *et seq*., and various common law torts. Plaintiff also raises several unspecified constitutional claims.[2]

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), individual federal defendants have sought dismissal of the action. (Docket No. 25). Additionally, substituted defendant United States seeks dismissal of the common law tort claims, under Fed. R. Civ. P. 12(b)(1), based upon a lack of

---

[1] In his Complaint, plaintiff identifies as defendants a number of individual employees of the Office of Workers' Compensation Programs (OWCP) (hereinafter individual federal defendants), as well as unnamed attorneys. Pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2679(d), the United States has filed a notice substituting the United States in place of the individually named federal defendants for the common law tort claims. Plaintiff also identified the Portage County Board of Commissioners, Sheriff Duane Kaley and Deputy Gary Hoffman, also of Portage County (hereinafter county defendants) as defendants. Throughout this Memorandum Opinion, the term "defendants" shall be used to refer to all party defendants collectively.  Where individual defendants are discussed, the Court will so note.

[2] This matter was originally assigned to the Honorable Patricia A. Gaughan. The action was reassigned to the docket of the Honorable Sara Lioi on March 23, 2007.

subject matter jurisdiction.[3] (Docket No. 24). Plaintiff opposes these motions. (Docket Nos. 50 and 51). In connection with its dispositive motion, individual federal defendants have also filed, pursuant to Fed. R. Civ. P. 11, a motion for sanctions. (Docket No.37). Plaintiff opposes this motion as well. (Docket No. 48).

For the reasons that follow, both motions to dismiss are granted. All remaining motions are denied, and all claims against all defendants are dismissed.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The facts forming the foundation of the present lawsuit literally grew out of a separate employment action that had previously been on the Court's docket. From June 19, 2000 to March 25, 2004, plaintiff was employed by the United States Patent and Trademark Office (USPTO) as a patent examiner. On February 16, 2006, plaintiff brought suit against individual federal defendants, along with various federal agencies, claiming that he had been subjected to a hostile work environment and retaliated for engaging in protected activity. He also claimed that he had been denied disability benefits and earned pay.[4]

On July 10, 2006, plaintiff filed his Third Amended Complaint in the above-referenced employment action. On the evening of July 12, 2006, at approximately 9:00 p.m., plaintiff appeared at the personal residence of defendant Gail Arney to serve her with the Summons and

---

[3] In a Marginal Entry Order, dated November 6, 2006, Judge Gaughan granted the county defendants' motion to dismiss all claims against them. (Docket No. 30). County defendants have subsequently filed a Motion for Entry of a Final Judgment. (Docket No. 41). In light of the Court's ruling today, this motion is denied as moot.

[4] *Al-Beshrawi v. Chao, Secretary of the U.S. D.O.L., et al.*, 5:06CV369. This matter was originally assigned to the Honorable James S. Gwin. The action was reassigned to the docket of the Honorable Sara Lioi on March 19, 2007. The Court granted defendants summary judgment on all claims.

the Third Amended Complaint.[5] According to defendants, defendant Arney was frightened by plaintiff's appearance at her home. Consequently, she called 911 and a Portage County Sheriff's deputy was dispatched. By the time the deputy arrived, plaintiff had left. The deputy prepared and filed a report documenting the event.

The following morning, defendant Arney advised her supervisor that she wished to file a civil complaint with Portage County seeking a Civil Stalking Protection Order under O.R.C. § 2903.214. On July 14, 2006, and with the knowledge and approval of her superiors, defendants Wyman and Sullivan, defendant Arney appeared at the Portage County Court of Common Pleas to obtain a protection order against plaintiff. Defendants maintain that the county court advised defendant Arney that she would need to provide some additional identifying information for plaintiff, such as a social security number and/or a date of birth, to file the complaint. Aware that plaintiff's social security number and his date of birth were contained in his disability claim files maintained by the OWCP, defendant Arney asked her district director, defendant Sullivan, if it would be permissible to use the OWCP's files to obtain this information. Defendant Sullivan contacted the Department of Labor Counsel and was advised that the information could be released pursuant to the "routine use" exception to the Privacy Act, 5 U.S.C. § 552a(b)(3).[6] The information was retrieved from plaintiff's OWCP files, and the civil menacing complaint was filed.

Immediately after it was filed, a county magistrate advised defendant Arney that he could

---

[5]This was in violation of Fed. R. Civ. P. 5(c)(2), which requires that service of the Summons and Complaint may be made by any person who *is not a party.*

[6]Section 552a(b)(3) exempts disclosures for "routine uses" which would otherwise violate the Act. In light of the Court's ruling, it need not reach the issue of whether the disclosure was permissible under §552a(b)(3).

not issue the protection order because there was only one incident at her home involving plaintiff. Based upon this discussion, and within minutes of filing the complaint, defendant Arney dismissed the complaint. Some time later, defendant Arney learned that, based upon the report prepared by the sheriff's deputy on July 12, 2006, a criminal complaint had been filed against plaintiff. She subsequently contacted the county prosecutor's office and advised them that she did not intend to prosecute plaintiff. On October 20, 2006, the criminal complaint against plaintiff was dismissed.

On August 14, 2006, plaintiff filed the present lawsuit against defendant Arney and the other named federal and county defendants in state court. The matter was removed to federal court on August 31, 2006. In an order signed October 30, 2006, the Court denied plaintiff's multiple motions to remand the matter back to state court.

In the Complaint, plaintiff alleges that the actions of defendant Arney and the other individual federal defendants in disseminating his personal information and causing a civil complaint to issue against him violated the Privacy Act, the Equal Protection Clause of the U.S. Constitution, and his constitutional right to privacy.[7] (Docket No. 1-2 at ¶¶ 17, 22, 24, 26, 29, 42). He also claims that this action amounted to ethnic intimidation. (Docket No. 1-2 at ¶¶ 16, 19, 23, 39). Finally, plaintiff alleges that he is the victim of defamation. (Docket No. 1-2 at ¶ 25).

---

[7]Review of the Complaint is hindered by the fact that the document does not set forth specific causes of action. Rather, this pleading merely presents 70 separate allegations of wrongdoing by defendants. While the record suggests that plaintiff is now represented by counsel, given the fact that he was unrepresented at the time he prepared and filed his Complaint, the Court has applied a liberal interpretation to his pleading. *See Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

**II.     STANDARD OF REVIEW**

Defendants bring the present motions under Fed. R. Civ. P. 12(b)(1) & (6). There are two general categories into which Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall: facial attacks and factual attacks. Fed. R. Civ. P. 12(b)(1); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994), *cert. denied*, 513 U.S. 868 (1994). A facial attack challenges the sufficiency of the pleading itself. On such a motion, the Court must take all of the material allegations in the complaint as true and construe them in the light most favorable to the nonmoving party. *Id.*, *citing Scheuer v. Rhodes,* 416 U.S. 232, 235-37 (1974). In contrast, a factual attack, as is made here, challenges the factual existence of subject matter jurisdiction.

On this form of motion, the Court's inquiry is limited to determining whether the challenged pleadings set forth allegations sufficient to show the Court that it has jurisdiction over the subject matter; "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (internal citations omitted); *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1996). In reviewing such a motion, a district court is to probe the facts and assess the validity of its own jurisdiction. In doing so, the Court has wide discretion to consider affidavits and documents outside the complaint, and may even conduct a limited evidentiary hearing if necessary. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In connection with this analysis, the plaintiff bears the burden of demonstrating that the Court has and may appropriately exercise jurisdiction over the subject matter. *RMI Titanium Co.*, 78 F.3d at 1134. The Court may examine evidence of its power to hear a case, and must make any factual findings necessary to determine whether it has jurisdiction. *Kroll v. United States*, 58

F.3d 1087, 1090 (6th Cir. 1995); *Rogers v. Stratton Inds., Inc.,* 798 F.2d 913, 915 (6th Cir. 1986).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Dana Corp. v. Blue Cross & Blue Shield Mut.*, 900 F.2d 882 (6th Cir. 1990); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489 (6th Cir. 1990). However, the Court need not accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A well-pleaded allegation is one that alleges specific facts and does not merely rely upon conclusory statements. The Court is to dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### III. DISCUSSION AND LAW[8]

#### A. Individual Federal Defendants' Motion to Dismiss

#### 1. Bivens Action

At the heart of plaintiff's constitutional claims lies the allegation that individual federal defendants were responsible for disclosing plaintiff's social security number and his date of birth. (Docket No. 1-2 at ¶¶ 18, 22 ). It is plaintiff's contention that this violated his constitutional rights to privacy and due process. (Docket No. 1-2 at ¶ 26 ). With respect to

---

[8] Among the pending motions in this matter is individual federal defendants' and the United States' "Motion to Strike and Motion for R. 11 Sanctions." (Docket No. 37). In this motion, defendants draw the Court's attention to numerous filings by plaintiff wherein he alleged that defense counsel, and others, had acted inappropriately. Defendants, and their prives, raised similar allegations in a motion for Rule 11 sanctions in *Al-Beshrawi v. Chao, Secretary of the U.S. D.O.L., et al.*, 5:06CV369. The Court granted their motion, in part, and imposed limits upon plaintiff's future access to federal court. The Court is confident that the sanctions imposed upon plaintiff have adequately addressed plaintiff's past abuse of the justice system and will

individual federal defendants, the only possible jurisdiction for constitutional claims against these defendants would be a *Bivens* clam. *See Bivens v. Six Unknown Named agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In *Bivens,* the U.S. Supreme Court recognized in the U.S. Constitution an implicit damages cause of action against individual federal officers for violations of certain constitutional rights. *Bivens*, 403 U.S. at 396. The Supreme Court has also held that a *Bivens* remedy will not be implied where "Congress has provided an alternative remedy which is explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective." *Jones v. TVA*, 948 F.2d 258, 262 (6th Cir. 1991) (*quoting Bivens*, 403 U.S. at 396-397). It is clear that the Privacy Act provides a comprehensive remedy for the alleged constitutional violations.

The Privacy Act provides that:

> Whenever any agency . . . fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way to have any adverse effect on an individual...the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

5 U.S.C. § 552a(g)(1)(C) & (D). Included in the Privacy Act's definition of "maintain" is the use or dissemination of any record material. 5 U.S.C. § 552a (a)(3) & (4). Additionally, the Act provides a damages remedy for actual damages and attorneys fees against the offending agency. 5 U.S.C. § 552a(g)(4).

In *Downie v. City of Middleburg Heights*, 301 F.3d 688, 696 (6th Cir. 2000), the Sixth Circuit found that a government informant could not maintain a *Bivens* claim for constitutional

---

deter future abuses. As such, defendants' motion is denied.

7

violations that may have resulted from the dissemination of certain confidential information because the Privacy Act provided the informant with a meaningful remedy. In so ruling, the court found that the Privacy Act was a "comprehensive legislative scheme that provides a meaningful remedy" for the government informant's First Amendment claim. *Id*. Because the Sixth Circuit has clearly held that the Privacy Act provides a meaningful remedy for unlawful disclosures, plaintiff cannot maintain a *Bivens* claim against individual federal defendants. *Downie*, 301 F.3d at 696. *See Sullivan v. U.S. Postal Serv*., 944 F. Supp 191, 195 (W.D. N.Y. 1996); *Williams v. Dep't of Veteran Affairs*, 879 F. Supp. 578, 585-88 (E.D. Va. 1995).

## 2.    The Privacy Act Claim Cannot Lie Against Individuals

While plaintiff's potential relief may lie in the Privacy Act, individual federal defendants argue that he cannot maintain a cause of action against them inasmuch as the Privacy Act applies solely to federal agencies. This argument is well taken.

Under the Privacy Act, civil actions may only be brought against the offending government agency, and not against an individual, a government official, an employee, a city, or the United States. 5 U.S.C. § 552a(g). *See e.g., Schmitt v. The City of Detroit,* 395 F.3d 327 (6th Cir. 2005); *Downie*, 301 F.3d at 698; *Windsor v. The Tennessean*, 719 F.2d 155, 159-60 (6th Cir. 1983). Because plaintiff cannot maintain a Privacy Act claim against individual federal defendants, and, because, as discussed below, the United States had substituted itself as a party with respect to the remaining common law torts, plaintiff has failed to state any claim against individual federal defendants upon which relief may be granted. As such, individual federal defendants are entitled to dismissal from this action.

### 3. Qualified Immunity

Even if the Privacy Act had not served to block plaintiff's constitutional claims against individual federal defendants, the claims still would not have survived the Rule 12(b) Motion because individual federal defendants would have been entitled to qualified immunity. When considering the issue of qualified immunity for government actors, the initial inquiry requires a determination of whether plaintiff has plead facts showing that the federal actors violated plaintiff's constitutional rights. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If no constitutional violation is found, no further inquiry is necessary concerning the existence of qualified immunity. *Id.* Because plaintiff can show no facts that would demonstrate that his constitutional rights were violated, the individual federal defendants would have been entitled to qualified immunity.

Plaintiff appears to be claiming that the disclosure of his social security number and his date of birth deprived him of his right to privacy and equal protection of law. (Docket No. 1-2 at ¶¶ 22, 26). The "Constitution does not encompass a general right to the nondisclosure of private information." *Jarvis v. Wellman*, 52 F.3d 125, 126 (6th Cir. 1995), *quoting J.P. v. DeSanti*, 653 F.2d 1080, 1090 (6th Cir. 1981). While the Sixth Circuit has recognized a right to privacy, it has narrowly construed case law in this area and has determined that this constitutional right is triggered only when the interest at stake concerns "those personal rights that can be deemed 'fundamental' or 'implicit' in the concept of ordered liberty." *J.P.*, 653 F.2d at 1090.

Plaintiff's date of birth and social security number does not involve information of such an intimate or personal nature that it is entitled to constitutional protection. Plaintiff's date of birth is available on a variety of public records, including his birth certificate. *See Cline v.*

9

*McMinn County, Tennessee*, 87 F.3d 176 (6th Cir. 1996)(disclosure of a criminal record does not violate a fundamental personal right inasmuch as such records are a matter of public record). Moreover, while a social security number is often protected from disclosure and is not disseminated to the public, the contention that disclosure of a social security number violates the right to privacy has been "consistently rejected." *McElrath v. Califano*, 615 F.2d 434, 41 (7th Cir. 1980). *See Pitts v. Perkins Local Sch. Bd. of Educ.,* 2006 U.S. Dist. LEXIS 25161 (N.D. Ohio Apr. 19, 2006); *Sexton v. Runyon*, 2005 U.S. Dist. LEXIS 367 (N.D. Ind. Jan. 7, 2005). Consequently, the disclosure of plaintiff's private information, which from the record appears to have lasted only a matter of minutes, does not rise to the level of a constitutional violation.

### B.  Lack of Subject Matter Jurisdiction for Common Law Torts

Substituted defendant United States has filed a Notice of Substitution pursuant to 28 U.S.C. § 2679(d), substituting the United States in place of individual federal defendants for any common law tort claims. In its motion for dismissal under Fed. R. Civ. P. 12(b)(1), substituted defendant United States argues that the common law tort claims must be dismissed pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2401, and §§ 2671-2680.

It is well settled that the "United States, as sovereign, is immune from suit save as it consents to be sued...and the terms of is consent to be sued in any court defines the court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976)(*quoting United States v. Sherwood*, 312 U.S. 584, 586 (1941)). With respect to common law torts, Congress has enacted a limited waiver of its sovereign immunity through the FTCA.

Under the FTCA, a prospective plaintiff must file an administrative claim with the appropriate federal agency before he may maintain a common law tort claim against the United

States. 28 U.S.C. § 2675(a). Specifically, § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been fully denied by the agency in writing and sent by certified or registered mail . . ..

The record does not show, and plaintiff has not established, or even alleged, that he has met the administrative requirement. Consequently, the Court lacks subject matter jurisdiction over the common law tort claims against substituted defendant United States, and these claims are dismissed.[10]

### IV. CONCLUSION

For the foregoing reasons, defendants' motions to dismiss plaintiff's Complaint are granted. This case is dismissed.

**IT IS SO ORDERED**.

Dated:  April 27, 2007                                       *s/ Sara Lioi*
                                                             Sara Lioi
                                                             United States District Judge

---

[10] Plaintiff has filed a Motion to Amend the Complaint. (Docket No. 52). It is true that the Federal Rules of Civil Procedure provide that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). Nonetheless, it is clear that plaintiff's proposed amended complaint would not have changed the nature of his claims or changed the legal issues involved in the dispositive motions.  Rather, plaintiff was merely seeking leave to add additional allegations of what he perceived as continuing misconduct by defendants. As such, the motion to amend is denied.